**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SALVADOR RODRIGUESS,** )<br>)<br>    **Petitioner,** )<br>)<br>v.                                                                        )<br>)<br>**STATE OF OKLAHOMA;** )<br>**WALTER DINWIDDIE, Warden,** )<br>)<br>    **Respondents.** ) | Case No. 06-CV-0178-CVE-FHM |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 11) to the motion to dismiss. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

On January 6, 2003, Petitioner entered a plea of guilty to First Degree Burglary in Tulsa County District Court, Case No. CF-2002-3666. See Dkt. # 10, Ex. A. On March 14, 2003, Petitioner was formally sentenced to seven (7) years in custody. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id. On July 14, 2003, the state district court conducted a Judicial Review hearing. However, the court declined to modify Petitioner's sentence. Id.

On October 15, 2003, Petitioner filed an application for post-conviction relief. See Dkt. # 10, Ex. B. By order filed December 5, 2003, the request for post-conviction relief was denied. See Dkt. # 10, Ex. A. Petitioner filed a post-conviction appeal in the OCCA, and by order filed January 7, 2004, in Case No. PC-2003-1854, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10, Ex. C.

On May 18, 2005, Petitioner[1] filed a second application for post-conviction relief. See Dkt. # 10, Ex. D. On July 11, 2005, the state district court denied the requested relief. Id., Ex. E. Petitioner filed a post-conviction appeal in the OCCA, and by order filed November 18, 2005, in Case No. PC-2005-0751, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10, Ex. F.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on March 28, 2006.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] In the second post-conviction action, Petitioner is identified as "Salvador Rodriguez."

>   recognized by the Supreme Court and made retroactively applicable
>   to cases on collateral review; or
>       (D) the date on which the factual predicate of the claim or
>   claims presented could have been discovered through the exercise of
>   due diligence.
>   (2) The time during which a properly filed application for State post-
>   conviction or other collateral review with respect to the pertinent judgment or claim
>   is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty plea in Case No. CF-2002-3666, his conviction became final, for purposes of § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on March 24, 2003. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on March 24, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after March 24, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Petitioner filed his first application for post-conviction relief during the limitations period. As a result, the running of the limitations period was tolled or suspended during the pendency of that action. See 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). The

3

record reflects that the first post-conviction action was pending from October 15, 2003, when Petitioner filed his application in the state district court, until January 7, 2004, when the OCCA affirmed the denial of post-conviction relief. Thus, the limitations period was suspended for a total of 84 days. Petitioner had an additional 84 days after March 24, 2004, or until June 16, 2004, to file a timely petition for writ of habeas corpus.

Petitioner's second application for post-conviction relief was filed May 18, 2005, or more than eleven (11) months after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the second post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the one-year period. Therefore, Petitioner's petition, filed March 28, 2006, appears to be untimely.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In response to the motion to dismiss, Petitioner states that he "does not agree with any allegation of untimeliness." (Dkt. # 11). He claims that he is unable to read or comprehend the "American English Language," that he has not been appointed defense counsel for his collateral proceedings, and that he has been forced to use "unlettered, laymen, prisoner writ writers in order to try to receive true Justice." Id. Lack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance

4

which would warrant equitable tolling of the AEDPA limitations period. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (noting that unfamiliarity with the law due to illiteracy does not toll limitations period). Furthermore, ignorance of the law does not provide a basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)). Lastly, Petitioner has not been entitled to appointment of counsel in his collateral proceedings as there is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994). The record before the Court demonstrates that Petitioner did not diligently pursue his claims. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808. The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

This action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 6th day of February, 2007.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT